David F. Abernethy
Meredith C. Slawe
Daniel E. Brewer
DRINKER BIDDLE & REATH LLP
A Delaware Limited Liability Partnership
One Logan Square, Suite 2000
Philadelphia, PA  19103
Tel:  (215) 988-2700
Fax:  (215) 988-2757
David.Abernethy@dbr.com
Meredith.Slawe@dbr.com
Daniel.Brewer@dbr.com

*Attorneys for Defendant*
*McNeil Nutritionals, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAROLD M. HOFFMAN, | **CIVIL ACTION NO.** |
| Plaintiff, | **HON.** |
| v. | |
| MCNEIL NUTRITIONALS, LLC, | **NOTICE OF REMOVAL** |
| Defendant. | |

TO:   CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF NEW JERSEY

ON NOTICE TO:

   Deputy Clerk of the Superior Court of Bergen County
   Case Processing Section – Room 113
   Justice Center
   10 Main St.
   Hackensack, NJ 07601

Harold M. Hoffman, Esq.
240 Grand Ave.
Englewood, NJ 07631

**PLEASE TAKE NOTICE** that Defendant McNeil Nutritionals, LLC ("Defendant"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, removes this action (the "Action") from the Superior Court of Bergen County, New Jersey, to the United States District Court for the District of New Jersey.  In support of that removal Defendant avers as follows:

**JURISDICTIONAL STATEMENT – BASIS FOR DIVERSITY JURISDICTION**

1. The Class Action Fairness Act of 2005 (CAFA), Pub. L. No. 109-2, 4, 119 Stat. 4, 9 (2005), grants subject matter jurisdiction to federal courts in class actions in which there is minimal diversity, an aggregate amount in controversy in excess of $5,000,000, and 100 or more class members.  *See* 28 U.S.C. §§ 1332(d)(2)(A), 1332(d)(5)(B), 1332(d)(6).  It applies to any class action commenced on or after its effective date of February 18, 2005, and therefore applies to this action.  *See* 28 U.S.C. § 1332 note.

2. The Plaintiff in this action, Harold M. Hoffman ("Plaintiff"), filed his complaint in the Superior Court of Bergen County, New Jersey, under the caption *Hoffman v. McNeil Nutritionals, LLC*, Docket No. BER-L-1238-13 (the "Action") on February 18, 2013.  *See* Complaint (Exhibit A to this Notice).  The Complaint was served on Defendant on February 19, 2013.

3. Defendant is a limited liability company organized under the laws of Delaware, with its principal place of business located in Fort Washington, Pennsylvania.  Complaint ¶ 2.  Defendant therefore is a citizen of Delaware and Pennsylvania for purposes of determining subject matter jurisdiction in this action under CAFA.  *See* 28 U.S.C. § 1332(d)(10).

4. Plaintiff purports to bring this Action on behalf of himself and a putative class consisting of "all nationwide purchasers of Viactiv Plus D for the four-year period preceding the filing of this suit." Complaint ¶ 28. The putative class is not defined by reference to where the purchase was made or where the purchaser was located, resided or was domiciled at the time of purchase. The product at issue in this Action, Viactiv Calcium Plus D ("Viactiv Plus D"), was sold in all 50 states during the putative class period. Declaration of Kim Holdsworth ("Holdsworth Decl.") ¶ 3 (Exhibit B to this Notice). The putative class therefore necessarily includes consumers who are citizens of states other than Delaware, Pennsylvania or New Jersey. *See, e.g.*, *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). The minimal diversity required by CAFA therefore exists. 28 U.S.C. § 1332(d)(2)(A).[1]

5. Plaintiff alleges that "[t]he Class is comprised of hundreds of consumers throughout the United States." Complaint ¶ 28. Although the exact number of persons who "[have purchased] Viactiv Plus D for the four-year period preceding the filing of this suit" is unknown it easily exceeds 100 as alleged by Plaintiff. *Id.*; *see also* Holdsworth Decl. ¶ 5 (Ex. B). The requirement under CAFA for a class of more than 100 members therefore is satisfied. 28 U.S.C. § 1332(d)(5)(B).[2]

---

[1] Plaintiff makes no specific allegation of his own citizenship but alleges that he "had a place of residence in the State of New Jersey, County of Bergen." Complaint ¶ 1. The Court may presume for present purposes that Plaintiff is a citizen of New Jersey. *See McCann v. George W. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006) ("[c]itizenship is synonymous with domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation") (internal quotations and citations omitted). Plaintiff's citizenship is irrelevant to the existence of subject matter jurisdiction in any event, because the putative nationwide class necessarily includes citizens of every state and therefore satisfies CAFA's minimum diversity requirement. *See* 28 U.S.C. § 1332(d)(2)(A).

[2] By removing, Defendant does not concede that the putative class is properly defined or should be certified.

6.     Plaintiff purports to assert a claim under the New Jersey Consumer Fraud Act ("CFA"), and attempts in connection with that claim to allege an "ascertainable loss" by averring the existence of "a substantial difference between the price paid by consumers, including plaintiff, for the Defendant's product, and the represented value of the product," Complaint ¶ 24, and by further alleging that "plaintiff and members of the class received something less than, and different from, what they reasonably expected in view of Defendant's representations." *Id.* at ¶ 26.  He alleges this loss is "[c]ommon… to all members of the Class." *Id.* at ¶ 28.  Plaintiff further alleges that the product contained a potentially hazardous level of Vitamin D during the class period, the implication being that the product should not have been purchased or used by consumers – and implicitly, that it had no value in the condition in which it was sold.  Plaintiff's apparent theory of "ascertainable loss" under the CFA therefore asserts that the entire retail price paid by consumers in the class constitutes a recoverable loss, and therefore the amount in controversy necessarily includes the total retail sales of the product in dollars nationwide over the four-year alleged class period.[3]

7.     Furthermore, Plaintiff asserts a claim of unjust enrichment and in connection with that claim explicitly asserts that the total retail amounts paid for the product by the nationwide class during the four-year period is at issue, asserting that "[a]ll monies paid by class members to Defendant for purchase of Viactiv Plus D, including all interest earned by Defendant on such

---

[3]    Defendant denies that Plaintiff or anyone else who purchased Viactiv Plus D suffered any ascertainable loss or that reimbursement of the purchase price is the proper remedy for Plaintiff's unjust enrichment claims.  Defendant uses Plaintiff's allegations for present purposes only because they establish the amount put "in controversy" in the Action, regardless whether Plaintiff can establish any right to recover all or any part of that amount.  By removing an action under CAFA Defendant does not concede that they have liability, let alone liability greater than $5,000,000, to the members of the putative class.  *See, e.g.*, *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("[The defendant] did not have to confess liability in order to show that the controversy exceeds the threshold").

- 4 -

monies while in wrongful possession thereof, should be disgorged by Defendant and reimbursed to class members." Complaint ¶ 58. He also specifically alleges that this loss is "[c]ommon… to all members of the Class." *Id.* at ¶ 28. This confirms that Plaintiff has put an amount equal to the total retail sales in dollars nationwide over the four-year class period in controversy.

8. Although precise information on retail sales to consumers in dollar terms is not available to Defendant, retail sales data from a third party establish that more than 7,000,000 units were sold during the alleged class period at an average weight base price for each year from 2009-2012 exceeding $8.00 per unit. *See* Holdsworth Decl. ¶¶ 5-6. Thus, the retail sales in dollars (units sold multiplied by price per unit) easily exceeds the $5 million threshold required for CAFA jurisdiction. Even assuming the ascertainable loss as alleged by Plaintiff is less than the total retail price there is clearly an amount in excess of the CAFA jurisdictional threshold at issue.

9. Plaintiff also seeks treble damages under the CFA and an award of attorneys' fees. Complaint Counts I-V, Prayer for Relief; *see* N.J.S.A. § 56:8-19. The attorneys' fees award reasonably could amount to thirty percent (30%) of the class' recovery, if any, meaning that this demand increases the amount in controversy by 30%, or put another way, to 130% of the recovery claimed for the class. *See, e.g.*, *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007).

10. Although Defendant denies any liability to Plaintiff or the putative class, denies that any valid claim is stated by the Complaint, denies that any "ascertainable loss" has been alleged, and denies that any class could be certified, the aggregate amount placed "in controversy" by the Complaint – that is, the value of all compensatory, statutory and other damages sought by Plaintiff, as well as attorneys' fees for Plaintiff's counsel – clearly exceeds

$5,000,000. *See* 28 U.S.C. § 1332(d)(6) ("[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs").

11. Because this Action was commenced after February 18, 2005, there is minimal diversity between Plaintiffs and Defendant, there are more than 100 members of the putative class as defined in the Complaint, and an aggregate amount exceeding $5 million has been placed in controversy, this Court has subject matter jurisdiction. *See* 28 U.S.C. § 1332(d)(2)(A). The Action therefore is removable pursuant to 28 U.S.C. § 1441(a).

## PROCEDURAL STATEMENT

12. Pursuant to 28 U.S.C. § 1446(a) a true and correct copy of the Complaint is attached as Exhibit A.

13. Pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a)(6)(A), this Notice of Removal has been timely filed within thirty (30) days of service. Plaintiff first served the Defendant on February 19, 2013. *See, e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

14. Pursuant to 28 U.S.C. § 1441(a), removal to the United States District Court for the District of New Jersey, Newark Vicinage, is proper because it embraces the Superior Court of Bergen County, New Jersey, where this Action is pending. *See* 28 U.S.C. § 110.

15. Pursuant to 28 U.S.C. § 1446(d), Defendant promptly will file a copy of this Notice of Removal in the Superior Court of Bergen County, New Jersey, and will give written notice of the removal of this Action to counsel for Plaintiff.

16. By removing this Action to this Court, Defendant does not waive any defenses, objections or motions available to it under state or federal law. Defendant expressly reserves the

right to move for the entry of judgment in favor of Defendant and against Plaintiff pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure, and to strike or oppose the certification of any putative class pursuant to Federal Rule of Civil Procedure 23.

Based on the foregoing and pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant removes the Action from the Superior Court of Bergen County, New Jersey, to the United States District Court for the District of New Jersey.

Dated:  March 20, 2013            *s/ David F. Abernethy*_____
David F. Abernethy
Meredith C. Slawe
Daniel E. Brewer
DRINKER BIDDLE & REATH LLP
A Delaware Limited Liability Partnership
One Logan Square, Suite 2000
Philadelphia, PA  19103
Tel:  (215) 988-2700
Fax:  (215) 988-2757
David.Abernethy@dbr.com
Meredith.Slawe@dbr.com
Daniel.Brewer@dbr.com

*Counsel for Defendant McNeil Nutritionals, LLC*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that the matter in controversy herein is not the subject of any other actions or proceedings.

Dated: March 20, 2013              *s/ David F. Abernethy*
                                   David F. Abernethy
                                   Meredith C. Slawe
                                   Daniel E. Brewer
                                   DRINKER BIDDLE & REATH LLP
                                   A Delaware Limited Liability Partnership
                                   One Logan Square, Suite 2000
                                   Philadelphia, PA  19103
                                   Tel:  (215) 988-2700
                                   Fax:  (215) 988-2757
                                   David.Abernethy@dbr.com
                                   Meredith.Slawe@dbr.com
                                   Daniel.Brewer@dbr.com

                                   *Counsel for Defendant McNeil Nutritionals, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, I caused true and correct copies of the foregoing document to be served via first-class mail, postage prepaid, on the following:

Harold M. Hoffman, Esq.
240 Grand Ave.
Englewood, NJ 07631

*Plaintiff and Attorney for Plaintiff
and the Putative Class*


Dated:  March 20, 2013                    */s Daniel E. Brewer*
                                          Daniel E. Brewer